# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ADOLFO BUSTAMANTE,<br><br>Plaintiff,<br><br>v.<br><br>M.E SPEARMAN, et al.,<br><br>Defendants. | No. 2:18-CV-0057-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1). Plaintiff alleges Defendant's violated his rights under the Americans with Disabilities Act (ADA) as well as his First and Fourth Amendment rights under the United States Constitution.

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint names eight defendants, M.E. Spearman, T. Foss, V. Zumpano, N. Albonico, M. Lee, M. Chippeiu, A. Smith, and J. Schuster. Plaintiff alleges Defendants violated his rights under the ADA as well as his First Amendment and Fourth Amendment rights. Specifically, Plaintiff contends a fellow prisoner, Fitts, Cleophus Jo, was assisting him with legal work due to Plaintiff's alleged disability. Plaintiff alleges that Education Officer J. Schuster confiscated his legal documents from prisoner Fitts, depriving Plaintiff of his rights under the ADA. Plaintiff further contends this confiscation of his legal documents violated his First Amendment right to access courts. Additionally, Plaintiff alleges his First Amendment

rights were violated when a court order from the California Fourth District Court of Appeal was intercepted and opened.  Plaintiff further contends that his First Amendment rights were again violated when his mail from the California Victim Compensation Board was intercepted, opened, and its contents disclosed to unspecified persons.  Plaintiff alleges no facts related to Defendants M.E. Spearman, T. Foss, V. Zumpano, N. Albonico, M. Lee, M. Chippeiu, or A. Smith.

### III. ANALYSIS

#### A. Americans with Disabilities Claim

Plaintiff seeks to bring a claim under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.  Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Id.

Here, Plaintiff has pleaded no facts that establish he is a qualified individual with a disability under the ADA.  Plaintiff merely states that he has a disability and was receiving help form another inmate.  In fact, there are no facts in the complaint that indicate what Plaintiff's disability is much less whether the disability satisfies the "qualified" element of Title II of the ADA.  Additionally, because Plaintiff has not established that he has a disability that qualifies under the ADA, it is impossible to determine if he was discriminated against by reason of said disability.  Thus, Plaintiff ADA claim cannot proceed past screening.

#### B. First Amendment Access to Court Claim

Prisoners have a First Amendment right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures).  This right includes petitioning the government through the prison grievance process.  See id.  Prison officials are required to "assist inmates in the preparation and filing of meaningful

legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828. The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. See id. at 353 n.3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. See id. at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Lewis, 518 U.S. at 362.

Plaintiff's claims that Defendant J. Schuster intentionally confiscated and destroyed Plaintiff's legal documents in violation of his First Amendment Right to access courts. However, these claims are insufficient to pass the screening stage as to Defendant J. Schuster because plaintiff has not adequately alleged an actual injury. While plaintiff claims the confiscation of legal documents resulted in "new exhibits never introduced to the courts, also habeas corpus writ ready to be filed," plaintiff has not alleged that he was unable to pursue any specific contemplated or existing litigation related to a non-frivolous habeas or civil rights claim or related to his criminal appeal.

C. **First Amendment Mail Claim**

Plaintiff has not properly named a defendant against whom his mail-interference claim may be asserted. Nonetheless, considering plaintiff's pro se status, the court will explain certain of the legal standards pertaining to mail-interference claims. Plaintiff should consider the following standards if he reasserts this claim in an amended complaint against a properly-named

4

defendant.

Prisoners enjoy "'a First Amendment right to send and receive mail,' but prison regulations may curtail that right if the 'regulations are reasonably related to legitimate penological interests.'" Nordstrom v. Ryan, 856 F. 3d 1265, 1272 (9th Cir. 2017) (quoting Witherow v. Paff, 52 F.3d 264, 265 (9th Cir.1995) (per curiam)). The mere fact that prison officials open and conduct a visual inspection of a prisoner's mail does not state a claim for violation of a prisoner's constitutional rights. Wolff v. McDonnell, 418 U.S. 539, 576–77 (1974); Nordstrom, 762 F.3d at 908–909; Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996). Prison officials may examine an inmate's mail without infringing his rights and inspect non-legal mail for contraband outside the inmate's presence. United States v. Wilson, 447 F.2d 1, 8 n. 4 (9th Cir. 1971); Witherow v. Paff, 52 F.3d 264, 265–66 (9th Cir. 1995) (upholding inspection of outgoing mail).

In the Ninth Circuit, "mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). Prison officials may institute procedures for inspecting prisoner mail, which includes "legal mail" or properly marked mail to and from attorneys and prospective attorneys, see Wolff, 418 U.S. at 576–77; Hayes, 849 F.3d at 1211; Nordstrom, 762 F.3d at 908, and mail sent from prisoners to the courts, see Royse v. Superior Court, 779 F.2d 573, 574–75 (9th Cir. 1986).

**D.   Defendants Spearman, Foss, Albonico, Zumpano, Lee, Chappeiu, and Smith**

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, to survive screening, Plaintiff's

claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Though Plaintiff has named eight defendants in this case he only alleges facts against one—J. Schuster. There are no allegations that indicate that any Defendant other than J. Schuster engaged in activity that violated one of Plaintiff's protected rights. For that reason, Plaintiff has failed to meet the pleading standard necessary to raise a claim against Defendants M.E. Spearman, T. Foss, V. Zumpano, N. Albonico, M. Lee, M. Chippeiu, or A. Smith.

### IV. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the

time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: March 18, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE