IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ADOLFO BUSTAMANTE,<br><br>Plaintiff,<br><br>v.<br><br>J. SCHUSTER, et al.,<br><br>Defendants. | No. 2:18-CV-0057-WBS-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for return of personal property. ECF No. 31. The Court construes Plaintiff's motion as a motion for injunctive relief.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Plaintiff's complaint encompasses a claim for alleged violation of his First Amendment right of access to the courts. See ECF No. 17. Plaintiff now seeks an order directing the Acting Warden of California Medical Facility, and Ralph Diaz, the former Secretary of the California Department of Corrections and Rehabilitation (CDCR) to return Plaintiff's legal and personal property. ECF No. 31 at 2. Plaintiff contends that, in June 2020, the Superior Court of California granted Plaintiff a writ of habeas corpus and ordered that Plaintiff be retried. Id. Plaintiff contends that, as a result of the Superior Court's ruling, CDCR placed his legal documents into storage where he cannot access to it. Id. at 2–3. He broadly concludes that access to the paperwork is necessary to be able to respond to Defendant's discovery requests (which are the subject of a motion to compel pending before the Court). Id. at 3. Plaintiff argues that he has a legal right to access his documents and prepare a meaningful defense.

The Court finds injunctive relief is not warranted. First, Plaintiff has not shown a likelihood of success on the merits of his First Amendment access to the courts claim. Plaintiff has not actually alleged any actual injury. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. See Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007). Second, outside of a broad statement that he requires access to his stored property to respond to Defendant's discovery requests, Plaintiff has not demonstrated that he is likely to suffer any irreparable harm. To the extent Plaintiff is being denied access to the courts, he has a remedy at law in the form of his instant action. Even assuming any actual injury giving rise to a basis for relief, Plaintiff

erroneously seeks injunctive relief against individuals who are not party to the present § 1983 suit, which the Court cannot order. See Zenith Radio Corp., 395 U.S. at 112.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 31, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 5, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE