IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ADOLFO BUSTAMANTE,<br><br>Plaintiff,<br><br>v.<br><br>J. SCHUSTER, et al.,<br><br>Defendants. | No.  2:18-CV-0057-WBS-DMC-P<br><br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for an order directing that he be given access to the law library at Southwest County Detention Center where he is apparently presently incarcerated, as well as access to a "legal runner."[1] ECF No. 32. The Court construes Plaintiff's motion as a motion for injunctive relief.

        The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer

---

[1] Plaintiff also filed a motion to update his address, which the clerk's office has done.

1

1  controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046,
2  1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is
3  likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an
4  injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public
5  interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot,
6  however, issue an order against individuals who are not parties to the action. See Zenith Radio
7  Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking
8  injunctive relief with respect to conditions of confinement, the prisoner's transfer to another
9  prison renders the request for injunctive relief moot, unless there is some evidence of an
10 expectation of being transferred back. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975);
11 Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

12         Plaintiff's complaint encompasses a claim for alleged violation of his First
13 Amendment right of access to the courts. See ECF No. 17. His complaint alleges constitutional
14 deprivations occurring at High Desert State Prison. Id. Plaintiff, however, is presently held at
15 Southwest County Detention Center in Riverside County, California, which is the institution
16 relevant to his current motion. See ECF No. 32 at 2. It is clear that Plaintiff seeks an order
17 directing the Riverside County Sheriff's Department to provide Plaintiff with "full access" to a
18 law library. Id. at 4–5. But the language of Plaintiff's motion is otherwise disorganized and
19 unclear. Plaintiff discusses a law library "kiosk" that provides full research capabilities, but which
20 allegedly does not include printing or photocopy capabilities. Id. at 4. It is unclear whether he has
21 access to such a kiosk, and seeks printing and photocopy abilities, or whether he lacks access to a
22 kiosk with research capabilities altogether. See id. Plaintiff further seeks an order establishing
23 Kathleen McCallum, ostensibly an ADA coordinator with the jail, as Plaintiff's "legal runner" for
24 the purposes of complying with the procedural rules and filing deadlines. Id. at 5.

25         The Court finds injunctive relief is not warranted. The Court's analysis is the same
26 irrespective of the outcome of the kiosk question. Firstly, Plaintiff has not shown a likelihood of
27 success on the merits of his First Amendment access to the courts claim. Plaintiff has not alleged
28 any actual injury. "Actual injury" is prejudice with respect to contemplated or existing litigation,

such as the inability to meet a filing deadline or present a non-frivolous claim. See <u>Phillips v. Hust</u>, 477 F.3d 1070, 1075 (9th Cir. 2007).  Second, Plaintiff has not demonstrated that he is likely to suffer any irreparable harm. He has not alleged that the lack of printing or photocopying on the kiosk (or access to the kiosk generally) has hindered his ability to litigate his lawsuit. Indeed, he has filed multiple motions with the Court (including motions with citations to case and statutory authority). <u>See id.</u> at 10. To the extent Plaintiff is being denied access to the courts, he has a remedy at law in the form of this action. Additionally, in moving for an injunction against the Riverside County Sheriff's Department and Kathleen McCallum, Plaintiff seeks injunctive relief against individuals who are not party to this § 1983 suit, which the Court cannot order. See <u>Zenith Radio Corp.</u>, 395 U.S. at 112.

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 32, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 5, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3